FILED
*SH·*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2003 DEC 15  PM 12: 05

CLERK U.S. DISTRICT COURT
M. DFA. FLORIDA

KEVIN MEGIVERN,

      Plaintiff

V.

                           Case No. 8:03-CV-2606-T-24 TGW

JAMES HARDIE BUILDING
PRODUCTS, INC., a Foreign
Corporation

      Defendant

                    /

## COMPLAINT AND DEMAND FOR JURY TRIAL
## INJUNCTIVE RELIEF SOUGHT

### Preliminary Statement

    1.  Plaintiff was employed by defendant in sales as a Territory Manager.  During his employment, plaintiff performed well and was never disciplined, warned or given an adverse performance evaluation.  However, when defendant learned that plaintiff had been afflicted with a disability, Reflex Sympathetic Dystrophy Syndrome, it discharged plaintiff, asserting "unsatisfactory performance" as the reason for the discharge.  Plaintiff brings this action seeking relief under the Americans with Disabilities Act, 42 U.S.C. §§12101, *et seq.*

### Jurisdiction

    2.  Jurisdiction of this matter is conferred by 28 U.S.C. §§1331 and 1343(3), as well as 42 U.S.C. §12117(a).

### Parties

    3. Plaintiff is a United States citizen and resident of Lakeland, Polk County, Florida.  He was employed by defendant as a Territory Manager at defendant's facility in Plant City, Hillsborough

County, Florida.  Plaintiff.

4.  In or about October of 2002, plaintiff was afflicted with Reflux Sympathetic Distrophy Syndrome (RSDS), a disease of the autonomic nervous system, which causes constant, burning pain in the arms and legs, inflammation, spasms in blood vessels and muscles, and emotional disturbances.  RSDS can be triggered by a fracture, by surgery, or by other major trauma.  The disease has substantially limited plaintiff in his major life activities, but does permit him to continue to perform his essential job functions.  As such, plaintiff is a qualified individual with a disability.

5.  Defendant is a foreign corporation doing business in the state of Florida, with facilities and operations in Plant City, Hillsborough County, Florida.  Defendant is engaged in an industry affecting interstate commerce and has more than 500 employees.

Statement of Facts

6.  Plaintiff began employment with defendant in or about October of 2000 as part of the group starting up defendant's new plant in Plant City, Florida.  After completion of that task, plaintiff was laid off in a reduction in force on August 27, 2001.

7.  Defendant rehired plaintiff on February 7, 2002 for a sales position.  On July 21, 2002, defendant promoted plaintiff to the position of Territory Manager.

8.  Throughout his employment with defendant, plaintiff received no discipline, warnings or other notice of any misconduct or unsatisfactory work performance.

9.  On or about October 15, 2002 plaintiff underwent abdominal surgery.  Plaintiff's recovery from the surgery did not proceed as expected, and plaintiff began to suffer from circulatory problems and pain in his arms.

10.  On or about January 21, 2003, plaintiff's physician informed him that he was suffering

2

from RSDS.  Plaintiff then informed defendant that he had RSDS.  As his condition became more severe, he applied for and began receiving short term disability benefits through defendant's group benefits carrier.

11.  Plaintiff was released to return to work, and reported for work, on or about May 6, 2003. At that time, defendant informed plaintiff that he was discharged.  As reasons for discharging plaintiff, defendant stated that he his performance was "unsatisfactory" , and had he had used profanity in the work place.

12.  Plaintiff suffered severe emotional distress as a result of defendant's termination of his employment, and that distress exacerbated his medical condition.

13.  In subjecting plaintiff to a discrimination because of his disability, defendant acted with malice and with reckless disregard for plaintiff's federally protected rights.

14.  On or about May 29, 2003, plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission.  On September 15, 2003, the EEOC issued a Notice of Right to Sue, a copy of which is appended hereto.

Claims for Relief

15.  Based on the foregoing, defendant has discriminated against plaintiff in discharging him, because of his disability, because he has a record of having a disability, and because it regarded him as having a disability, in violation of the Americans with Disabilities Act, 42 U.S.C. §12112(a).

Prayer for Relief

WHEREFORE, plaintiff prays that this Court enter an order:

(a) Enjoining defendant from discriminating in the future on the basis of an employee's disability;

(b)  Requiring defendant to reinstate plaintiff's employment with defendant;

3

(c) Awarding back pay and other economic damages to plaintiff;

(d) Awarding compensatory damages for the emotional pain, suffering and humiliation caused by defendant's acts of discrimination against plaintiff;

(e) Awarding punitive damages for defendant's actions taken with malice and with reckless disregard for plaintiff's federally protected rights;

(f) Awarding plaintiff his reasonable attorney fees and costs of this action; and

(g) Awarding such other relief as this Court deems appropriate.

Demand for Jury Trial

Plaintiff hereby demands a trial by jury on all issues so triable in this action.

Respectfully submitted,

Peter F. Helwig, Trial Counsel
Florida Bar No. 0588113
Harris & Helwig, P.A.
6700 South Florida Avenue, Suite 31
Lakeland, Florida 33813
Telephone:  (863) 648-2958
Facsimile:  (863) 619-8901

ATTORNEY FOR PLAINTIFF

Dated at Lakeland, Florida this 12th day of December, 2003.